UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN FELIZ,

           Petitioner,

           -v.-

ALFRED MONTEGARI,[1]

           Respondent.

22 Civ. 08635 (JHR) (GWG)

ORDER ADOPTING REPORT
AND RECOMMENDATION

JENNIFER H. REARDEN, District Judge:

      Pursuant to 28 U.S.C. § 2254, Petitioner Juan Feliz, acting *pro se*, filed a petition for a writ of habeas corpus in connection with his June 22, 2016 state-court conviction by guilty plea to one count of Criminal Sexual Act in the First Degree. *See* Pet. at 1. Before the Court is the Report and Recommendation of Magistrate Judge Gabriel W. Gorenstein recommending that the Court deny the Petition in its entirety. *See* ECF No. 41 (Rep.) at 20. The Court has examined the Report and Recommendation and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and Recommendation and adopts Judge Gorenstein's recommendation in its entirety.

### BACKGROUND[2]

      Petitioner brought this action on October 7, 2022, seeking a vacatur of his state-court conviction, on the grounds that (1) the state court "did not have subject matter jurisdiction to enter a plea and impose sentence on a felony charge"; (2) "Petitioner was not held for grand jury action prior to his waiver of indictment"; and (3) ineffective assistance of counsel.[3] Pet. at 10, 17-18. The Court directed the U.S. Attorney's Office to respond to the Petition and permitted

---

[1] Although Respondent's name is listed as "Montefari" on the docket, this appears to be a typographical error, as the initial filings refer to Respondent as "Montegari." *See,* e.g., ECF No. 2 (Pet.) at 1; Rep. at 1 n1.
[2] Familiarity with the facts, which are set forth in detail in the Report and Recommendation, is assumed. *See* ECF No. 41.
[3] This case was originally assigned to the Honorable John G. Koeltl and subsequently reassigned to this Court.

Petitioner to file any reply within sixty days of service of Respondent's answer. ECF No. 7. Upon request, the Court subsequently extended the U.S. Attorney's Office time to respond, ECF No. 16, and the Government responded to the Petition on February 6, 2023. ECF No. 26. Petitioner timely filed his reply in further support of the Petition on March 13, 2025. ECF No. 33. On April 7, 2023, the Petition was referred to Magistrate Judge Gorenstein for a Report and Recommendation. *See* ECF No. 34. On November 3, 2023, Judge Gorenstein issued a twenty-one page Report and Recommendation recommending that the Court deny the Petition in its entirety. *See* Rep. at 20. The Report and Recommendation notified the parties that they had "fourteen (14) days (including weekends and holidays) from service . . . to file any objections." *Id.* The Report and Recommendation also cautioned that, "[i]f a party fails to file timely objections, that party w[ould] not be permitted to raise any objections to this Report and Recommendation on appeal." *Id.* at 21.

On November 27, 2023, the Court granted Petitioner's request for a thirty-day extension of time to file objections to the Report and Recommendation, setting December 15, 2023 as the new deadline. *See* ECF No. 43. Petitioner did not file any objections by that date or at any time thereafter.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp.*, No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025). With respect to those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*,

*Marky's Martial Arts, Inc. v. FC Online Marketing, Inc.*, No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc.*, No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).

Notwithstanding a direct warning that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections . . . on appeal," Rep. at 21, Petitioner did not file any objections to the Report and Recommendation. Thus, Petitioner waived the right to judicial review. *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (citing *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision.").

The Court has carefully reviewed the Report and Recommendation in any event and, unguided by objections, finds no clear error. The Report and Recommendation is "well reasoned and grounded in fact and law." *See, e.g., Fredricks*, 2025 WL 1018870, at *1.

## CONCLUSION

Accordingly, the Court adopts the Report and Recommendation in its entirety and, for the reasons set forth therein, denies the Petition for a writ of habeas corpus.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). Moreover, the Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that "any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is thus denied" for the purpose of an appeal. *See Tashman v. Kijakazi*, No. 21 Civ. 0801 (JMF), 2022 WL 3159318, at *2 (S.D.N.Y. Aug. 8, 2022) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is directed to dismiss the Petition, mail a copy of this Order to Petitioner, and close this case.

SO ORDERED.

Dated: October 27, 2025
New York, New York

                                                                        JENNIFER H. REARDEN
                                                                        United States District Judge